HASKELL v. QUEEN et al.

(Supreme Court, General Term, First Department. December 16, 1892.)

PARTITION—WHO ENTITLED TO—PERSON NOT IN POSSESSION.

An action for partition cannot be maintained by one having neither the actual nor constructive possession of the premises, against others holding them in hostility to his title, collecting the rents, and occupying them by their tenants, since an action for partition cannot be made the substitute for an action of ejectment, or for an action to establish the title of adverse claimants to real property.

Appeal from special term, New York county.

Action by William H. Haskell against John A. Queen and others for the partition of real estate. From a judgment entered on dismissal of the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, J.

R. L. Harrison, for appellant.

P. A. Hendrick, for respondent Curtis.

P. Condon, for respondent Queen.

VAN BRUNT, P. J. This action was brought for the partition of certain real estate, consisting of a lot of land, with the buildings thereon, situate at the corner of Leonard and Centre streets, in the city of New York, known as the "Clipper Building." The complaint alleges that the

plaintiff and certain of the defendants are seised in fee, and in possession as tenants in common, of certain real property in the city of New York; and then alleges the plaintiff's title to be by a sheriff's sale of the interest of one John B. Armstrong in the premises in question, and a conveyance executed by the sheriff on or about the 15th of February, 1888. The defendants denied the title and possession of the plaintiff; and the court having dismissed the complaint from the judgment thereupon entered, this appeal is taken.

Without considering the various other questions which have been raised upon this appeal, it is sufficient to call attention to the fact that there is no evidence whatever of possession, either actual or constructive, of any portion of the premises in question in the plaintiff, prior to the commencement of the action. From 1884 down to the time of the trial, rents were collected by the agent of the defendants, who claimed to be the owners thereof, and no portion of said rents was ever paid to the plaintiff, nor was his claim of title known. It is a familiar principle that an action for partition cannot be made the substitute for an action of ejectment, or for an action to establish the title of adverse claimants to real property. Hence a necessary element in order that the plaintiff might proceed in this action was absent, viz. actual or constructive possession. The premises were held by others in hostility to the plaintiff's title, who collected the rents, were in occupation of the premises by their tenants, and recognized in no manner the interest claimed by the plaintiff.

We think the judgment should be affirmed, with costs.